Mr. Stevens? Morning, Your Honors. I think the fundamental error in this sentencing was that Judge Miller did not go behind the criminal history score to determine what factors were driving that criminal history score. And it was documented in the pre-sentence report and in the sentencing memorandum that Shockey had a severe and chronic alcoholism problem. And so... So what? Well, the fundamental question is if you are trying to use the criminal history as a predictor of recidivism, and the driving force behind the prior crimes was alcoholism, and if it seems to me that... Yeah, well, that makes him very dangerous. No. Oh, come on. Of Mr. Shockey stated that when he drinks he becomes violent. Yes. Yes, in other words, he is saying that his alcoholism contributes to his criminal activity. That's correct. Oh, fine, all right, we agree. So I don't know what you're talking about. We're talking about whether the alcoholism is going to continue or whether he has reached a point where he is entering recovery. And that's... What's the evidence for that? The evidence for that was in Shockey's own statements. It was in... Well, let's say his own statements are not worth a great deal. Is there medical evidence about that he's stopped drinking? Well, he had stopped drinking at the time, but that was... He was in custody at that point. But the gateway... Is there medical evidence that he will not go back to drinking if he's released? Yes, because... And I think it was up to the district... Well, what's the evidence that if he's released he'll stop drinking? Because he's prepared to enter into recovery. Mr. Stephens, I understood you to have been making a procedural argument. Right. But it seemed pretty clear to me that Judge Miller did address the issue of alcoholism and just disagreed, saying, in essence, I understand there may be potential for recovery, but I've got to decide... I've got to look at the defendant today and I see a long history with no particular reasons to be optimistic, so I'm going to protect the public by imposing a longer sentence here. I don't see a procedural misstep there, even though reasonable people can differ about the conclusion. Except that he did not really evaluate the entry into recovery. Had Schottky reached a bottom, was he truly prepared for entry into recovery? And it's the failure to consider that precise question which I am saying is a procedural error. Yes, he touched on the alcoholism, he talked about the criminal history, but what he did not address directly is Schottky's claim that he was prepared to proceed with recovery. Had he ever said that before? Pardon? Had he ever said that before? Not that I know of. I don't think there's any record of that. The alcoholism simply continued before. What about in 1987 and 2006? That was dealt with as a mental health problem rather than addressing alcoholism. I thought those were occasions when he sought and received substance abuse treatment. I do think that was a component of... So he's been in treatment before and it's failed. Yes, well the question remains whether Judge Miller should have evaluated the potential for recovery at the point that Schottky was when he was sentenced. And I think that's the failure. Okay, thank you Mr. Stephen. Mr. Whalen? Good morning, your honors. May it please the court, my name is Nathaniel Whalen and I'm here on behalf of the United States. Your honors, the district court did consider whether there was evidence that Mr. Schottky was currently clean. And what the district court said, and it's sentencing transcript on page 13, is there's really nothing I can point at tangibly to say that this one's going to be different, meaning this sentence, this conviction, that this will affect your drinking more than the previous ones. The court acknowledged defense counsel's argument that a lot of Mr. Schottky's criminal history probably did have to do with alcohol, but the court also said it also has to do with anger, the combination of anger and alcohol. And more to the point as it relates to this particular crime, the court said there was no evidence whatsoever that drinking played a role in it. Mr. Schottky was a felon who could not legally own a gun. What he had in his possession was a stolen firearm that he sold out of his house, which he called basically a little pawn shop, well on supervised release. And the court said there's no evidence that alcohol played a role in this one, unlike the others. So at the time of sentencing, the district court did not have anything in front of it to say Mr. Schottky was clean or that Mr. Schottky, this conviction was any different than his previous 28. Admittedly, the district court said a lot of them did have something to do with alcohol, those previous 28 convictions. But it also said again that Mr. Schottky was likely to recidivate. And as we noted in our briefs, the sentencing guidelines say that alcohol dependency isn't a reason for a downward departure. Those are not mandatory. There is no such thing as a on our briefs on the waiver and substantive reasonableness argument. Thank you, Mr. Whalen. Thank you. Mr. Stevens, do you have anything further? The precise question is whether Schottky at that point was prepared to confront his alcoholism and enter into recovery. And the offense, his running this pawn shop was supporting his drinking. So I think those are the two points. Okay, thank you. You were appointed. Yes, I did. We thank you for your efforts on that. We thank Mr. Schottky. Mr. Whalen as well.